IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nelson Greene, | ) | Civil Action No. 4:12-525-TLW |
| | ) | Cr. No. 4:07-1503 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Nelson Greene (hereinafter "Petitioner" or "Defendant").

On December 18, 2007, a federal grand jury returned an Indictment against Petitioner and two co-defendants. (Doc. # 19). Petitioner was charged in Counts 3, 4, & 5 of the Indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. Section 922(g)(1) and 924(a)(2). On December 1, 2008, Petitioner entered a plea of guilty to Count 5.[1] (Docs. # # 166-#118). On March 31, 2009, the district court sentenced Petitioner to one hundred twenty (120) months imprisonment with judgment entered on April 23, 2009. (Doc. # 146). Petitioner did not file a direct appeal. On March 17, 2010, the Government filed a Rule 35(b) motion on Petitioner's

---

[1] In the plea agreement, the United States and Petitioner stipulated and agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that Petitioner would receive a sentence of ten (10) years. (Plea Agreement, Doc. #116, at ¶ 12). This provision was highlighted and brought to the attention of Petitioner during the Government's summary of the plea agreement, as well as by the Court during its colloquy with Petitioner during the plea hearing. See Doc. # 186-2, Exhibit to the Government's Memo. at pp. 9, 16. When questioned by the Court, Petitioner indicated that he understood this stipulation. Id. at p. 16.

behalf. (Doc. # 153). The Court held a hearing on the Rule 35(b) motion on April 21, 2010, and reduced Petitioner's sentence to eighty (80) months. An amended judgment was entered on May 18, 2010. On February 24, 2012, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 asserting a single ground for relief. (Doc. # 180). On March 26, 2012, the Government filed a motion to dismiss/motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Doc. # 186). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed March 27, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 187). No response was received. The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for

2

collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

**STANDARD OF REVIEW**

The Government has moved to dismiss and/or for summary judgment as to all grounds raised by Petitioner. (Doc. # 186). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations

3

contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the
non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

**DISCUSSION**

Petitioner asserts a single ground for relief set forth verbatim as follows:

1. I was giving [sic] 2 points for my prior conviction for failure to stop for a blue light. [A]s of 2012 in the federal sentencing guideline, failure to stop for a blue light is excluded. In which the petitioner by law seek[s] to be resentenced.

The Government opposes Petitioner's motion and asks that this Court dismiss Petitioner's 28 U.S.C. § 2255 petition as untimely under the applicable statute of limitations; or in the alternative, asks that summary judgment be entered in its favor as Petitioner has not demonstrated that he is actually innocent of his prior conviction.

Petitioner claims that he was incorrectly sentenced originally because he received two criminal history points for his prior conviction for failure to stop for a blue light. Apparently, he relies upon United States v. Rivers, 595 F.3d 558 (4th Cir. 2010) for this assertion. After careful review and consideration, and for the reasons set forth below, this Court finds that Petitioner's petition must be dismissed as untimely. Additionally, the Court concludes that summary judgment in favor of the Government is appropriate as Petitioner's claim for relief without sufficient legal merit.[2]

As an initial matter, the Court concludes that Petitioner's §2255 motion must be dismissed because it is untimely. Petitioner's complaint centers around his claim that he should not have been awarded criminal history points for his South Carolina failure to stop for a blue light conviction

---

[2]The Court notes that there are also other compelling arguments set forth by the Government in their memorandum in opposition as to why relief is not warranted in this case including that (1) Petitioner's challenge to his sentence is barred by the waiver contained in his plea agreement; (2) his sentence was based upon a stipulated sentence pursuant to Fed.Crim.Rule P. 11(c)(1)(C) and not upon any guideline calculations; and (3) the motion fails to state a claim upon which relief can be granted in a 2255 proceeding because it merely asserts an error in computing the advisory guideline range.

because the crime was declared to not be a "violent felony" for Armed Career Criminal Act purposes in United States v. Rivers, 595 F.3d 558 (4th Cir. 2010). A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final more than two and a half years before he filed the current § 2255 motion — when the time for filing a direct appeal expired. For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires. Evans v. United States, 2010 WL 1052824, at *2 (D.S.C. Mar.19, 2010); See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal); see generally, Clay v. United States, 537 U.S. 522 (2003). Here, as stated above, Petitioner's conviction and sentence were imposed by

6

the Judgment filed on April 23, 2009. (Docket # 146). Because Petitioner did not appeal, his conviction became final in early May 2009. Petitioner had one year, specifically until May 2010, in which to file his § 2255 motion to vacate. However, Petitioner did not file his motion to vacate until February 24, 2012. As such, his § 2255 motion is untimely under § 2255(f)(1).

Petitioner does not claim that the Government wrongly prevented him from bringing an earlier § 2255 motion, and he does not allege newly-discovered facts. Instead, Petitioner apparently claims his motion is timely, relying upon a recent Fourth Circuit case, United States v. Rivers, 595 F.3d 558 (4th Cir. 2010). See Doc. # 180; § 2255 Motion to Vacate, at question 18. This reliance is misplaced. While a petitioner may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review, this is not what occurred in this case. Most notably, the Rivers case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period. Additionally, while the Fourth Circuit in Rivers did rely upon Chambers v. United States, 555 U.S. 122 (2009), in ruling that a South Carolina blue light conviction does not qualify as a violent felony, the United States Supreme Court issued its decision in Chambers on January 13, 2009. Therefore, even if the court were to assume, without deciding, that Chambers applies retroactively and Petitioner could have timely filed a motion to vacate within one (1) year after the Chambers decision, he still failed to do so. Rather, the instant Motion to Vacate was filed in February 2012, more than three (3) years after the Supreme Court ruled in Chambers. See Blakney v. United States, 2011 WL 1113468, at *3 (D.S.C. March 24, 2011). Additionally, Petitioner's motion would be untimely even if Rivers reset the one year clock. Rivers was decided on February 25, 2010. Greene did not filed his § 2255 motion until nearly two

7

years later. Accordingly, under any scenario, Petitioner's motion to vacate is untimely.

Additionally, the Court notes that Petitioner's § 2255 motion must be denied because <u>Rivers</u> addressed the limited question of whether failure to stop for a blue light was violent felony for purposes of the Armed Career Criminal Act and did not apply to the calculation of criminal history points. <u>Rivers</u> does not impact whether a failure to stop for a blue light conviction requires the awarding of criminal history points. As noted in <u>Wallace v. United States</u>, "the holding in <u>Rivers</u> does not stand for the proposition argued by [Petitioner] because that case does not apply to a defendant's criminal history category under the Sentence Guidelines. Instead, <u>Rivers</u> dealt with whether a blue light conviction qualifies as a predicate offense for purposes of the ACCA, a matter not relevant to Petitioner's case." 2011 WL 5357842, at 5 (D.S.C. November 7, 2011). A similar analysis applies here. In paragraph 25 of Petitioner's pre-sentence investigation report, Petitioner received two criminal history points for a failure to stop for a blue light conviction which resulted in a one year sentence. These two points were appropriately assessed pursuant to United States Sentencing Guideline section 4A1.1(b) which indicates that 2 points should be awarded for each prior sentence of imprisonment of at least sixty days not counted in the prior subsection. Accordingly, because <u>Rivers</u> does not affect the awarding of criminal history points for a failure to stop for a blue light conviction, and because the two points awarded for Petitioner's conviction for the same were appropriate, this Court concludes that Petitioner's petition lacks sufficient legal merit.[3]

---

[3]To the extent that Petitioner seeks to make a claim of ineffective assistance of counsel for failing to object to the two criminal history points awarded for the failure to stop for a blue light conviction, the Court concludes that such a claim would be without merit. In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 180) and the Government's motion to dismiss and/or for summary judgment is **GRANTED** (Doc. # 186). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
August 20, 2012
United States District Judge
Florence, SC

---

prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). The Court finds that Petitioner fails to establish either prong of the Strickland analysis.

9